**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEVEN M. BENNETT,
      Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
      Agency.

DOCKET NUMBERS
DE-0752-12-0183-I-3
DE-1221-13-0089-W-2

DATE: January 20, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven M. Bennett</u>, Arvada, Colorado, pro se.

<u>Amy Duin</u>, Esquire, Lakewood, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal and denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency's U.S. Geological Survey, National Water Quality Laboratory, removed the appellant from his Physical Science Technician position, effective February 10, 2012, based on a charge of "Failure to Comply with Direct Orders/Instructions" supported by 17 specifications spanning a period of over 4 weeks. *Bennett v. Department of the Interior*, MSPB Docket No. DE-0752-12-0183-I-1, Initial Appeal File (0183 IAF), Tab 1 at 10-20. The agency asserted that, instead of performing the tasks given to him by his immediate supervisor, the appellant did no work for 23 days except for a few minor tasks that could be performed from his cubicle. *Id.* at 11-12. On appeal, the appellant asserted that the agency's acts of harassment interfered with his performance of his duties, and that the action was based on harmful error, a due process violation, and reprisal for protected activities, including whistleblowing, such as filing a complaint with the Occupational Safety and Health Administration and filing an ethics complaint.

*Id.* at 5, 7; *Bennett v. Department of the Interior*, MSPB Docket No. DE-0752-12-0183-I-2, Appeal File (I-2 AF), Tab 36.

¶3      While his removal appeal was pending, the appellant filed a November 14, 2012 IRA appeal challenging his 5-day suspension in 2011 for failure to comply with a direct order and inappropriate conduct, and his proposed 14-day suspension in 2011 for failure to comply with a direct order. *Bennett v. Department of the Interior*, DE-1221-13-0089-W-1, Initial Appeal File (0089 IAF), Tabs 1, 36; 0183 IAF, Tab 10 at 113-16, 153-54, 182-85. He asserted that these actions were based on the same disclosures he raised in his removal appeal, which involved time and attendance abuses, fume hoods that did not work properly, and improper sample analyses. 0089 IAF, Tab 36 at 1-2. The administrative judge joined the removal and IRA appeals. I-2 AF, Tab 6; 0089 IAF, Tab 4.

¶4      After a 10-day hearing involving 32 witnesses, the administrative judge issued an initial decision that affirmed the removal and denied corrective action in the IRA appeal. *Bennett v. Department of the Interior*, DE-1221-12-0183-I-3, Appeal File, Tab 12, Initial Decision (ID) at 2, 5, 31; I-2 AF, Tabs 36, 39, 47. The administrative judge found that the agency proved by preponderant evidence its charge, nexus, and the reasonableness of the removal penalty. ID at 7, 20-24, 27-30. She also found that, although the appellant made protected disclosures that were a contributing factor in his removal, the agency proved by clear and convincing evidence that it would have removed him absent his disclosures. ID at 7-9, 27. She further found that he did not prove his due process violation or harmful error claims. ID at 24-27. Regarding the IRA appeal, the administrative judge again found that, although the appellant made protected disclosures that were a contributing factor in the personnel actions, the agency proved by clear and convincing evidence that it would have imposed the 5-day suspension and proposed the 14-day suspension absent his disclosures. ID at 7-19.

¶5      The appellant filed a petition for review. *Bennett v. Department of the Interior*, DE-1221-12-0183-I-3, Petition for Review (PFR) File, Tab 1. The agency filed a response to the petition for review. PFR File, Tab 3.

## ANALYSIS[2]

¶6      The appellant asserts on review that the administrative judge took 2 years and 9 months to issue an initial decision after the close of the record, and therefore must have forgotten much of the evidence presented at the hearing. PFR File, Tab 1 at 4. The appellant further contends that the administrative judge improperly denied his motion to compel discovery and many of his requested witnesses. *Id.* at 4-7. In addition, he alleges that the administrative judge was biased against him by, among other things, preventing him from asking questions of witnesses similar to those asked by the agency's representative, interfering with his questioning of witnesses, and failing to grant his motion for extending the close of record date, even though the administrative judge had granted a filing extension to the agency. *Id.* at 7-9.

¶7      An administrative judge's delay in issuing a ruling, such as an initial decision, does not, without more, constitute reversible error. *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 6 (2002); *Fouquet v. Department of Agriculture*, 82 M.S.P.R. 548, ¶¶ 7-9 (1999) (finding that the appellant was not prejudiced by administrative judge's 1-year delay in issuing an initial decision when there was no evidence that the administrative judge could not recall the details of testimony so as to make accurate credibility determinations); *Paclibare v. Veterans Administration*, 22 M.S.P.R. 320, 323 (1984) (finding no prejudice to the appellant's substantive rights from the issuance of an initial decision 8 months after the hearing), *aff'd*, 785 F.2d 322 (Fed. Cir. 1985) (Table). Here, the administrative judge referenced the testimony of multiple witnesses and

---

[2] We have reviewed the relevant legislation enacted since the filing of this appeal and find that it does not impact the outcome.

made specific findings as to their demeanor and credibility. ID at 9-11, 14, 16-19, 23, 29. The testimony is this case consists of several volumes of hearing transcripts, which were available to and referenced in detail by the administrative judge. The appellant's mere speculation that the administrative judge must have forgotten some unspecified testimony does not establish a basis for reversing the initial decision.

¶8        Although the appellant challenges the administrative judge's denial of his motion to compel, he has shown no error in her determination that he exceeded the number of interrogatories permitted under the Board's regulations. I-2 AF, Tab 20 at 7-15, Tab 23; *see* 5 C.F.R. § 1201.73(e)(1). Moreover, the appellant is precluded from raising this issue on review because he did not preserve an objection to the ruling below. *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012); *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 17 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009) (Table). We further note that the appellant's motion to compel did not include a copy of the agency's response to his discovery requests or a statement that no response had been received, along with an affidavit or sworn statement. I-2 AF, Tab 20; *see* 5 C.F.R. § 1201.73(c). Thus, he has shown no abuse of discretion by the administrative judge. Moreover, the appellant did not object below to the administrative judge's ruling on his witness requests. I-2 AF, Tab 38; Hearing Transcript (Apr. 11, 2013) at 62-63. Thus, he is precluded from doing so on review. In any event, other than generally alleging that these witnesses would have substantiated his claims of harassment and retaliation, PFR File, Tab 1 at 6-7, the appellant has not shown that they would have provided relevant, material, and nonrepetitious testimony, *see Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 13 (2013); 5 C.F.R. § 1201.41(b)(10). As set forth above, the administrative judge approved 32 witnesses in this case. I-2 AF, Tabs 36, 39, 47; *see* Hearing Transcripts. Thus, we find that the appellant has shown no abuse of discretion by the administrative judge in her rulings on witnesses.

¶9        To establish bias by an administrative judge, an appellant must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the comments or action evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id.* Here, the appellant does not identify where in the hearing transcript the administrative judge allegedly interrupted or interfered with his questioning of witnesses. Thus, he has not substantiated this allegation. *See* 5 C.F.R. § 1201.114(b) (stating that a petition for review must be supported by specific references to the record). In any event, the appellant has not otherwise shown that the administrative judge evidenced a deep-seated favoritism or antagonism that would make fair judgment impossible. In fact, the administrative judge's rulings, which permitted an extensive number of witnesses, a lengthy hearing, and several extensions and dismissals without prejudice to refiling, suggest that she conducted a fair and impartial proceeding for this pro se appellant. Thus, we find no showing of bias by the administrative judge.

¶10       The appellant also asserts that the administrative judge misstated some of the evidence, including the filing date of his IRA appeal, the individual to whom he raised his time and attendance abuse concerns, the date the record closed, certain facts regarding a counseling memo that predated the 5-day suspension, and whether he nudged a coworker's shoulder or, alternatively, poked him in the ribs, which facts relate to one of the specifications underlying the 5-day suspension. PFR File, Tab 1 at 9-11, 21. The appellant contends that, although the administrative judge held that the only personnel actions at issue in the case were the 5-day suspension, the proposed 14-day suspension, and the removal, she also mentioned the counseling memo in the initial decision. *Id.* at 12.

¶11       To the extent that the administrative judge made any of the errors set forth above by the appellant, we find that he has not shown that any such error

prejudiced his substantive rights or would change the outcome of this appeal. *See Sloan v. U.S. Postal Service*, 77 M.S.P.R. 58, 80 n.9 (1997). Moreover, the administrative judge addressed the counseling memo solely in the context of providing background information in her discussion of the 5-day suspension, ID at 10-11, and in finding, in connection with her considering the reasonableness of the penalty, that the appellant was on clear notice of his obligation to follow his supervisor's instructions, ID at 29; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). The administrative judge did not adjudicate the counseling memo as a separate personnel action, nor did she consider it in her finding that the agency's evidence in support of the 5-day suspension was strong. ID at 12-17, 19. Thus, we find that the appellant has shown no error in the administrative judge's references to the counseling memo.

¶12     The appellant further recounts many other acts of alleged harassment and retaliation and asserts that the administrative judge ignored this evidence. PFR File, Tab 1 at 12-17. An administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016) (Table). This is especially true in this case, given the extensive written record and 10-day hearing. In any event, we find that the administrative judge considered in the aggregate all of the pertinent evidence in the record in finding that the agency proved by clear and convincing evidence that it would have taken the same personnel actions absent the appellant's disclosures, including evidence that fairly detracted from that conclusion. ID at 10-24, 27; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). For example, the administrative judge found that the agency did not prove one of the specifications underlying a charge in support of the 5-day suspension, noted that the agency withdrew one of the specifications supporting the removal, and held that the appellant's hearing testimony regarding the hostility he experienced from his coworkers, his "thinking process," and his

reason for choosing not to work, was credible and consistent with his written statements. ID at 17, 22-24.

¶13    The appellant also asserts that his immediate and second-level supervisors, who proposed and issued the 5-day suspension, were "involved in [s]cientific misconduct" relating to, among other things, changing data file results and hold times, and reporting sample test results when there was a known mix up in the samples. PFR File, Tab 1 at 17-18. The appellant contends that the scientific misconduct directly reflected on management and the agency as a whole. *Id.* at 19-20. The administrative judge found that the data integrity issues raised by the appellant did not directly involve his immediate supervisor, who was merely aware that a review had determined that some employees "had an insufficient understanding of how to document properly for record-keeping." ID at 18. The administrative judge found, based in part on the demeanor of the appellant's immediate supervisor, that the appellant's disclosures provided little motive for her to retaliate; instead, her frustrations with the appellant were caused by his adamant refusal to acknowledge and respect her authority over him as his supervisor. ID at 17-18. Regarding the deciding official who issued the 5-day suspension, the administrative judge similarly found that the data integrity complaints were not directed at him, he was not adversely affected by them, he testified that the disclosures played no role in his decision to suspend the appellant, and his testimony was credible based on, among other things, his demeanor. ID at 19.

¶14    The Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and overturns such determinations only when it has sufficiently sound reasons for doing so. *See Haebe v. Department of Justice*,

288 F.3d 1288, 1301 (Fed. Cir. 2002).[3]  It appears that one of the appellant's disclosures involved his reporting to an agency ethics counselor that his immediate supervisor had changed the previously established manner of counting the number of days during which a sample could be held for testing.  I-2 AF, Tab 25 at 7.  Even assuming that the immediate supervisor's actions constituted some level of involvement in the alleged scientific misconduct, and that any scientific misconduct reflected on management and the agency as a whole, the appellant has not demonstrated sufficiently sound reasons for overturning the administrative judge's credibility determinations.  *See Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019) (analyzing whether there was a professional motive to retaliate when the whistleblowing disclosures reflected negatively on the agency); *see, e.g.*, PFR File, Tab 1 at 17, 82, 90.  Accordingly, we find that he has shown no error in the administrative judge's findings that the agency had strong evidence in support of the 5-day suspension, any motive to retaliate was slight or nonexistent, and the agency otherwise proved by clear and convincing evidence that it would have suspended him for 5 days absent his protected disclosures.  ID at 10-19.

¶15      Finally, the appellant includes with his petition for review over 700 pages of documents that appear to consist of rulings made below by the administrative judge, a court decision, other documents that appear to have been a part of the record below, and hearing transcripts.  PFR File, Tab 1 at 26-737.  Evidence that is already a part of the record is not new.  *Brough v. Department of Commerce*, 119 M.S.P.R. 118, ¶ 4 (2013).  Because the appellant has not alleged or shown

---

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues.  However, pursuant to the All Circuit Review Act (Pub. L. No. 115 195, 132 Stat. 1510), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).  Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

that these documents were previously unavailable before the record closed below and are otherwise material, we need not consider them. *See Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 7 (2013); 5 C.F.R. § 1201.115(d); 5 C.F.R. § 1201.114(b) (indicating that a petition for review should not include documents that were part of the record below).

¶16  Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b)  other  than  practices  described  in  section 2302(b)(8),  or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for

                                       Jennifer Everling
                                       Acting Clerk of the Board
Washington, D.C.